UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| PERRY HELTON and<br>DONNA HELTON,<br><br>    Plaintiffs,<br><br>V.<br><br>CARLOS LELION and GEICO<br>INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No. 5: 14-363-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiffs Perry Helton and Donna Helton's motion to remand. [Record No. 5] The plaintiffs argue that the amount-in-controversy is not sufficient to establish federal jurisdiction. However, Defendants Carlos Lelion and GEICO Insurance Company ("GEICO") assert that the required amount-in-controversy has been established based upon the plaintiff's settlement demand. For the reasons outlined below, the motion to remand will be denied.

**I.**

This action arises from a motor vehicle accident occurring on February 21, 2013. [Record No. 1-1, p. 4] Donna Helton was the driver and owner of one of the vehicles (a 1998 Pontiac Grand Prix) in which Perry Helton was a passenger. The plaintiffs contend that a tire came off a vehicle driven by Defendant Carlos Lelion and struck the Pontiac. [*Id.*]

This allegedly resulted in both plaintiffs sustaining injury and property damage. As a result, the plaintiffs sued Lelion, claiming that he was negligent. The plaintiffs allege that Lelion was uninsured at the time of the accident, and now seek to recover uninsured motorist ("UM") benefits under GEICO policy number 422-04-80-47 to compensate them for the alleged damages. [*Id.*, pp. 6–7 ¶¶ 8, 9] They also seek recovery of basic reparations benefits from GEICO plus attorneys' fees and interest. [*Id.*, p. 7 ¶¶ 11–13] In a letter dated July 18, 2013, Donna Helton demanded the full limits of the GEICO insurance policy in exchange for settlement of her UM claim. [Record No. 1-2, p. 1]

This matter was originally filed on August 25, 2014, in the Wolfe Circuit Court. [*Id.*, p. 2] The defendants removed the action to this Court on September 10, 2014, pursuant to federal diversity jurisdiction. [Record No. 1] The plaintiffs acknowledge that diversity exists between the parties.[1] However, they contend that the amount-in-controversy is not sufficient to establish federal jurisdiction. The plaintiffs filed a motion to remand on September 18, 2014. [Record No. 5] Along with the motion to remand, Donna Helton attached a stipulation stating that "she has not, nor will [sic] ask for damages including both compensatory and punitive, which exceed $75,000.00." [Record No. 5-1, p. 4]

## II.

A case filed in state court is removable only if it could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which

---

1   The plaintiffs are citizens of Kentucky. [Record No. 1, p. 1] Defendant Lelion is a Virginia citizen. [*Id.*, p. 2] GEICO is a corporation organized under the laws of Maryland with its principal place of business in Maryland. [*Id.*] Thus, for diversity purposes, it is a citizen of Maryland.

the district courts of the United States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) ("[Section] 1441 . . . authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). The burden of establishing diversity jurisdiction is on the removing party. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount-in-controversy is assessed as of the time the complaint is filed, *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000), or, in the case of removal, when the removal notice is filed. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). When there is more than one plaintiff, the amount-in-controversy requirement is satisfied when "at least one plaintiff's claims . . . independently meet[s] the amount-in-controversy specification." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount-in-controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Removal is proper upon the defendant's assertion of the amount-in-controversy "if the district court finds, by a preponderance of the evidence, that the amount

in controversy exceeds the amount specified in section 1332(a)." *Id.* § 1446(c)(2)(B). Kentucky law prohibits both the demand for a specific sum and allows recovery beyond that demanded in the pleadings.. *See* Ky. R. Civ. P. 8.01(2), 54.03(2).

**III.**

The defendants allege that the amount-in-controversy requirement is satisfied regarding Plaintiff Donna Helton. In the Complaint, she did not demand a specific amount. However, she did allege numerous damages including: (i) severe injuries to various parts of her body that she will continue to suffer; (ii) that her ability to earn money has been "permanently, partially and/or totally destroyed"; (iii) all medical, doctor, hospital, x-ray, out-of-pocket expenses and ambulance fees; (iv) an increased risk of future harm; (v) lost wages; (vi) damage to her vehicle and the cost of other transportation; and (vii) damages and attorneys' fees against GEICO for failure to pay reasonable personal injury protection benefits. [Record No. 1-1, pp. 4–5, 7]

Because no specific dollar demand was made in the Complaint, the Court must decide whether the defendants have alleged "specific facts supporting the assertion that the amount in controversy exceeds the amount required" to establish diversity jurisdiction. *Suwala v. Progressive Ins. Co.*, No. Civ.A. 2005-135, 2005 WL 2076490, at *2 (E.D. Ky. Aug. 25, 2005). The defendants have produced a July 18, 2013, letter in which Donna Helton stated that she would be willing to settle her claim for the "policy limits, exclusive of [basic reparations benefits]." [Record No. 1-2, p. 1] "[A] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

claims." *Osborne v. Pinsonneault*, No. 4:07CV-2-M, 2007 WL 710131, at *2 (W.D. Ky. Mar. 2, 2007) (quotations omitted); *see also Hunt v. Walter A. Smith Enterprises*, No. 5:14-CV-016-TBR, 2014 WL 991783, at *3 (W.D. Ky. Mar. 13, 2014). Here, Donna Helton's coverage for UM claims under the policy has a total limit of $150,000.00.[2] [Record No. 1, p. 4]

Donna Helton also asserts a claim for wrongful denial of basic reparations benefits with attendant attorneys' fees and interest. Where basic reparations benefits are denied without reasonable foundation, Kentucky law provides for eighteen percent (18%) interest and attorneys' fees. KRS §§ 304.39-210(2), 304.39-220(1). Thus, the defendants contend that Helton has alleged a claim for the $10,000.00 basic reparations benefits limits[3] plus 18% interest and unspecified attorneys' fees. [Record No. 7, p. 4] As a result, GEICO asserts that the amount-in-controversy exceeds $75,000.00. [*Id.*]

Donna Helton failed to respond to any of the defendants' arguments. Instead, she has submitted a signed, unsworn stipulation with her motion to remand declaring that "she has not, nor will [sic] ask for damages including both compensatory and punitive, which exceed

---

2    In cases involving uninsured motorists, the policy provides a limit of $50,000.00 per person and $100,000.00 per occurrence on three vehicles for which separate premiums are charged. [Record No. 1-3, p. 2] The UM coverage stacks for Donna Helton, resulting in a total of $150,000.00 per person and $300,000.00 per occurrence. *See Allstate Ins. Co. v. Dicke*, 862 S.W.2d 327, 329 (Ky. 1993); *see also Estate of Swartz v. Metro. Prop. & Cas. Co.*, 949 S.W.2d 72, 75 (Ky. App. 1997) ("[I]t is the payment of separate premiums for multiple items of the same 'personal' insurance coverage that gives rise to the concept of stacking.").

3    The limit for "basic reparation benefits" payable for "all economic loss resulting from injury to one (1) person as a result of one (1) accident" is $10,000.00. KRS § 304.39-020(2).

$75,000.00." [Record No. 5-1, p. 4] The Sixth Circuit has found that "post-removal stipulation[s] reducing the amount in controversy to below the jurisdictional limit [do] not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). However, district courts recognize a caveat to this rule. Where a plaintiff's post-removal stipulation states the amount-in-controversy for the first time, such stipulations are viewed as clarifications of the amount-in-controversy rather than a reduction. *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777–78 (W.D. Ky. 2002). "But only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor v. Swifty Oil Co., Inc.*, No. 3: 12-CV-490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012).

Donna Helton has stipulated that she will not "ask for" more than $75,000.00. [Record No. 5-1, p. 4] However, similar stipulations have been found to be equivocal and insufficient to warrant remand. In *Egan*, the court found insufficient the plaintiff's stipulation that she would only "accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." 237 F.Supp.2d at 775, 778. The court concluded that, "[t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.* at 778. Further, in *Proctor*, the court also found a plaintiff's stipulation that he "[would] not seek or accept an award of damages in excess of $74,900.00" to be insufficient. 2012 WL 4593409, at *3. Here, Helton's contention that she will not "ask for" more than $75,000.00 is equivocal and does not prevent her from being awarded or collecting damages above the jurisdictional amount.

## IV.

In summary, the Court finds that the amount-in-controversy requirement has been met. Plaintiff Donna Helton's UM coverage under the policy provides up to $150,000.00 for this occurrence, which she demanded in her July 18, 2013 letter. She has also asked for basic reparations benefits under both Kentucky statutory and common law. [Record No. 1-1, p. 7] The statutory reparations benefits allow for up to 18% interest on overdue payments without reasonable delay and unspecified attorneys' fees to be included in any award. KRS §§ 304.39-210(2), 304.39-220(1). Finally, Helton's post-removal stipulation attempting to reduce any award to under $75,000.00 has no effect on the amount-in-controversy calculation. Thus, GEICO has offered sufficient evidence to demonstrate that Plaintiff Donna Helton's claims satisfy the amount-in-controversy requirement. Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiffs' motion for remand [Record No. 5] is **DENIED**.

2. The Clerk of the Court is directed to change the designation of the Defendant currently named "GEICO Insurance Company" to "GEICO General Insurance Company."

This 10th day of November, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge